THE COUNTY OF WOODBURY v. SLOAN ET AL.

MORTGAGE: NOTICE OF: EVIDENCE.

*Appeal from Woodbury Circuit Court.*

TUESDAY, OCTOBER 5.

THIS action is brought to recover of the defendants Sloan, Wakefield and Smith, the amount of a promissory note for the sum of five hundred dollars, and to foreclose a mortgage executed by James B. Sloan to secure the same. The plaintiff alleges that the defendants Dwight Bannister and Lavinia M. Bannister claim some interest in the mortgaged property, and that whatever claim they have is junior and inferior to the plaintiff's mortgage lien. The court dismissed the plaintiff's petitition as to the defendants Dwight and Lavinia M. Bannister, and quieted their title to the lands in petition described. From this portion of the decree the plaintiff appeals.

*S. M. Marsh, District Attorney,* and *M. B. Davis,* for appellant.

*Chase & Taylor,* for appellees.

DAY, J.—The mortgage which the plaintiff seeks to foreclose was executed March 20, 1874, but was not filed for record until April 20, 1878. On the 28th day of March, 1876, one Wm. M. Murdock recovered a judgment against the mortgagor James B. Sloan. On September 23, 1876, Murdock purchased the mortgaged lands at execution sale under said judgment.

On the 25th day of October, 1877, a sheriff's deed for said premises was executed to Murdock. On the 22d day of January, 1878, Murdock conveyed to the Bannisters. It thus appears that the judgment in favor of Murdock,

the execution sale, the sheriff's deed, and the conveyance to the Bannisters, all occurred intermediate to the date of the mortgage in question and the filing of it for record. It is apparent that if Murdock had no notice of the mortgage to plaintiff at the time of his purchase of the property, the title of the defendants is paramount to the mortgage.

This the appellant concedes. It is not claimed that Murdock has personal knowledge of the mortgage. It is insisted, however, that Taylor, one of the attorneys for Murdock in procuring the judgment, and who acted for him at the sheriff's sale, had notice of the mortgage. Upon this branch of the case we have examined the evidence with care, and we feel constrained to hold that it does not establish notice to Taylor of the existence of the mortgage. Besides, there is no statement that the abstract contains all the evidence. We could not reverse, even if the preponderance of evidence, as abstracted, seemed against the correctness of the decree.

AFFIRMED.